IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) CALIFORNIA CASUALTY ) MANAGEMENT COMPANY, d/b/a ) CALIFORNIA CASUALTY, ) ) Defendant. ) ) | Case No. 15-7199-CM |

## MEMORANDUM AND ORDER

This is an insurance dispute. Plaintiff Westport Insurance Corporation brought this case in Kansas, asking the court to find that defendant California Casualty Management Company must contribute its share of payments for a lawsuit settlement in California. The California lawsuit arose out of a series of sexual molestations by a middle school teacher in the mid-1990s. In 2012, a newspaper ran a series of articles including allegations that three school district administrators knew of the teacher's proclivities. After publication of the newspaper articles, three students sued the administrators and the school district.

Plaintiff provided primary insurance for the administrators, as well as excess coverage. Defendant also provided excess coverage. Plaintiff settled the claims for $15.8 million, but defendant has refused to contribute to the settlement payment. The case is before the court on two motions: plaintiff's Motion for Judgment on the Pleadings (Doc. 13) and defendant's Motion to Transfer Venue (Doc. 23). For the following reasons, the court grants defendant's motion, transfers the case to the Northern District of California, and leaves plaintiff's motion pending for the California court to decide.

-1-

**I.    Legal Standard**

Under § 1404(a), the court may transfer a case to another district or division where the case may have been brought "for the convenience of the parties and witnesses" and in the "interest of justice."  28 U.S.C. § 1404(a).  The decision to transfer is within the court's discretion, but the court to which the case is being transferred must have jurisdiction.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515, 1516 (10th Cir. 1991).  When determining whether to transfer a case, the court considers the following factors:

> plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  The moving party bears the burden of establishing that the existing forum is inconvenient.  *Id.* at 1516.  Ordinarily, "[p]laintiffs' choice of forum is afforded 'great weight.'"  *Winters v. Comair Aircraft, Inc.*, No. 07-2003-KHV, 2007 WL 1299164, at *1 (D. Kan. May 3, 2007) (citations omitted).  The party seeking transfer must show that the factors strongly favor transfer.  *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 n.13 (10th Cir. 2010) (citation omitted).   But this court has broad discretion in conducting a case-by-case analysis of fairness and convenience.  *Frickey v. Thompson*, No. 14-2189-DDC, 2015 WL 5730632, at *12 (D. Kan. Sept. 30, 2015) (citing *Chrysler Credit Corp.*, 928 F.2d at 1516).

**II.      Discussion**

*A.      Plaintiff's Choice of Forum*

The first factor, plaintiff's choice of forum, does not weigh heavily—or really at all—in plaintiff's favor.  Plaintiff is a Missouri corporation whose principal place of business is in Kansas.  This is the case's only connection to Kansas.  Plaintiff is a successor entity to the California Insurance Company, who issued the insurance policies.  At the time of the policy issuance, California Insurance Company was headquartered in California.  The policies were made and performed in California, and the parties agree that California law governs their interpretation.  And the underlying claims that are the subject of the insurance dispute occurred in California.  "Courts . . . accord little weight to plaintiff's choice of forum 'where the facts giving rise to the lawsuit had no material relation to the significant connection to the plaintiff's chosen forum.'"  *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1168 (citation omitted).  While the court gives plaintiff's choice of forum some deference, this case does not present the ordinary case where the plaintiff brings suit in his home state—where there exist other connections to the state.  Plaintiff's choice of forum is entitled to little weight here.

*B.      Accessibility of Witnesses and Other Sources of Proof*

The second factor, the accessibility of witnesses and other sources of proof, weighs in favor of defendant.  Defendant is located in California.  Moreover, nearly all likely witnesses (even if only witnesses by deposition) reside in California.  Two key witnesses—Eva Moreno and Thomas Richardson—live in Arizona and Nevada, respectively.  But other witnesses, including James Kaufman and Gary Murphy, live in the Northern District of California.  The five defendants involved in the underlying molestation actions reside in California.  Additionally, defendant has contacted a number of other witnesses.  Two of those witnesses indicated that they would not voluntarily travel to

-3-

Kansas for depositions, and one said that he would comply with the Federal Rules of Civil Procedure, but he would prefer not to travel to Kansas.

Plaintiff argues that the location of witnesses is immaterial because the case is expected to be resolved through cross motions for summary judgment. But the anticipated lack of a trial does not mean there is no need to take depositions to support the summary judgment motions. The location of witnesses remains important—regardless of whether this case is expected to be resolved short of trial.

The majority of the sources of proof are also in California. Plaintiff states that it has its documents in its office in Kansas. All other documents and evidence, however, will likely be in California. Defendant's evidence is in its corporate headquarters in California. And documents from the underlying action are in California, including pleadings and court records. This factor weighs heavily in favor of defendant.

### C. *The Cost of Making the Necessary Proof*

As noted above, most witnesses and evidence are in the Northern District of California. There are costs associated with transporting California witnesses to Kansas and housing them in Kansas, whether for depositions or trial. This factor weighs heavily in favor of defendant.

### D. *Questions as to the Enforceability of a Judgment*

The fourth factor relating to questions about the enforceability of a judgment also weighs in favor of defendant. Plaintiff seeks injunctive relief to force defendant to contribute to the settlement payment. The District of Northern California—where defendant's principle place of business is located—is in a better position to address the enforceability of a possible judgment in its own district than this court is.

### E. *Relative Advantages and Obstacles to a Fair Trial*

-4-

Defendant claims that it will be denied a fair trial if this court does not apply California law to the dispute. But it appears that both parties agree that California law governs this case. There are no indications that either party would receive an unfair trial in either court, although if defendant is unable to obtain witness deposition testimony because the witnesses will not voluntarily travel to Kansas, defendant will have to take other measures to ensure that it gets a fair trial. This factor is neutral.

### F.     *Difficulties from Congested Dockets*

Neither party has addressed any difficulties from congested dockets. The court is unaware of any special situation that would make this factor weigh heavily one way or another. This factor is neutral.

### G.     *Conflicts of Law*

As noted above, both parties appear to agree that California law governs this case. It is therefore unlikely that any issues with conflicts of law will arise if the case remains in Kansas. Again, this factor is neutral.

### H.     *Advantage of a Local Court Deciding Local Law*

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Employers Mut. Cas. Co.*, 618 F.3d at 1170. Plaintiff portrays this case as a case of straightforward insurance policy application. But defendant argues that there are many more specialized questions at issue that are unique to California law. Specifically, defendant states that its affirmative defenses will involve the California Government Code and the California Education Code. Although this court is capable of applying California law, certainly the Northern District of California has a greater interest in the outcome.

The court does not know whether defendant's affirmative defenses will ultimately have any merit. But because defendant has raised them, the case will necessarily involve consideration of

-5-

whether California's unique laws apply.  Regardless of whether plaintiff is right and this is a simple insurance policy case, or whether defendant is correct that more nuanced law is involved, the court likely will still have to examine different elements of California law to decide the case.  Plaintiff ignores the possibility that defendant is correct, relying on the assumption that plaintiff's view of the scope of the case is correct.  The court cannot make that same assumption.  This factor weighs heavily in favor of defendant.

### I.      *All Other Considerations of a Practical Nature*

Finally, the court addresses "all other considerations of a practical nature that make a trial easy, expeditious and economical."  *See Chrysler*, 928 F.2d at 1516.  First and foremost, this case's ties to Kansas are tenuous, at best.  The court also notes that this case is in the early stages of proceedings.  Discovery has been stayed pending resolution of the motion for judgment on the pleadings.  The court does not expect that the case will experience much, if any, delay as a result of a transfer to another court.  This factor weighs in defendant's favor.

Plaintiff's overriding argument throughout its brief is that defendant intentionally delayed filing its motion to transfer until after receiving an unfavorable ruling in this court.  But defense counsel filed an affidavit stating that plaintiff knew defendant intended to file the transfer motion much earlier in the case.  Counsel was unable to file the motion until November, however, because of a congested work schedule and counsel's attempts to contact potential witnesses to determine their willingness to travel to Kansas for deposition or trial.  The court is unconvinced by plaintiff's "delay tactic" argument, and will not deny defendant's motion on this basis.

Based on consideration of the above-identified factors, the court determines that in totality, they weigh heavily in favor of defendant and that a transfer of this case pursuant to 28 U.S.C. § 1404(a) is warranted.

**IT IS THEREFORE ORDERED** that defendant's Motion to Transfer Venue (Doc. 23) is granted. The Clerk of Court is directed to transfer this case to the Northern District of California.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Judgment on the Pleadings (Doc. 13) remains pending and will be decided by the California court.

Dated this 14th day of March, 2016, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**